A. DeWITT SUMNER, Appellant, *v.* LIBERTY PUBLISHING CORPORATION, Respondent.

First Department, February 2, 1934.

*William T. Griffin* of counsel [*Arthur J. Egan* with him on the brief: *Peterson & Griffin,* attorneys], for the appellant.

*Henry Edward Schultz* of counsel [*Joseph Schultz* with him on the brief; *Joseph Schultz,* attorney], for the respondent.

TOWNLEY, J. Plaintiff brought this libel action to recover damages for injuries to his good name and reputation and his

professional standing as an attorney because of an article in the defendant's publication.

The libel was part of a lengthy article criticising the so-called "patronage racket." The author purported to set forth facts and figures about the spoils system at Washington and its cost to the American taxpayer. Speaking of the then Assistant Secretary of the Treasury, Elmer Dover, the article proceeds: "He established two new offices, placing one under A. D. Sumner [the plaintiff], an assistant sergeant at arms of the Senate and for years an active politician. The other went to one C. C. Childs, a former football star. Sumner was glorified as 'Deputy Commissioner of Internal Revenue,' Childs as 'Supervisor of Collectors.' Both began firing experienced employees and hiring new ones who apparently could not obtain work without political drag."

The court at Special Term has held that the publication of this article was not libelous *per se*. With this conclusion we cannot agree. We believe that the article tends to expose the plaintiff to hatred and contempt. It seems to us that the charge that the plaintiff accepted public office and proceeded to eliminate competent employees and to substitute political incompetents either at his own volition or at the dictation of others, charges the grossest kind of misfeasance and betrayal of his public trust. Such a charge must necessarily injure the plaintiff in his good name and reputation and in his professional standing. As was said in *Lunn* v. *Littauer* (187 App. Div. 808): "To be charged with lending one's self to the promotion of private interests at the expense of the national welfare, is to invite the hatred and contempt of people generally."

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days after service of order with notice of entry, upon payment of said costs.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur; GLENNON, J., dissents and votes to affirm.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.